

**ORIGINAL**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2010 JUL 16 PM 4:24
DEPUTY CLERK _____

| | | |
|---|---|---|
| MARY KAY INC., | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. 3-10CV1405-N |
| STRAWBERRYLIPSTICK.COM | § § | JURY TRIAL DEMANDED |
| Defendant. | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Mary Kay Inc. files this Original Complaint against Strawberrylipstick.com, and would respectfully show:

### PARTIES

1. Plaintiff Mary Kay Inc. is a Delaware corporation, licensed to do business in the State of Texas. Mary Kay maintains its principal place of business at 16251 Dallas Parkway, Addison, Texas 75001.

2. The domain name www.strawberrylipstick.com is registered by Domains By Proxy, Inc., a service that allows a person to register a website anonymously. Defendant Strawberrylipstick.com does not publish its physical address or its telephone number; instead, it only publishes an e-mail address on the website. Mary Kay has not thus far located the physical address or telephone number of Defendant Strawberrylipstick.com.

### JURISDICTION AND VENUE

3. Mary Kay has brought claims against Defendant for violations of the United States Lanham Act, 15 U.S.C. §§ 1125 and the federal Copyright Act of 1976, as amended, 17

U.S.C. §§ 101 et seq. which arise under federal law.  As a result, subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) and (b).

4.  Pursuant to 28 U.S.C. §1391(b)(2), venue is also proper in the Northern District of Texas because the conduct complained about herein occurred, in part, in Dallas, Texas.  On information and belief, the Defendants have conducted business in the state of Texas by improperly selling Mary Kay products over the Internet to Texas residents.

## BACKGROUND

### A. Mary Kay

5.  Mary Kay is a manufacturer and wholesale distributor of cosmetics, toiletries, skin care, and related products.  The worldwide success of Mary Kay is undeniable; the Company's products are now sold in over thirty-five (35) markets around the world.  Founded in 1963, Mary Kay has become one of the largest direct sellers of skin care products and color cosmetics in the United States.  Moreover, its founder, Mary Kay Ash, has been widely recognized as one of the most influential businesswomen in history.  Notwithstanding its international presence, Mary Kay maintains its national headquarters in Addison, Texas and continues to manufacture its products primarily at its manufacturing facility in Dallas, Texas.

6.  Mary Kay's international success can be attributed to the carefully designed business model it created for the marketing, sale, and distribution of its products.  Mary Kay produces the highest quality products and sells them directly to Independent Beauty Consultants, who then sell the products to their customers, the ultimate consumers.  Mary Kay provides the Independent Beauty Consultants with product knowledge that they can, in turn, share with their customers to provide the highest level of customer service and ensure product satisfaction.  In turn, the Mary Kay trademark has earned and enjoys a highly distinctive and famous status, a stature Mary Kay vigorously protects.

## B. Mary Kay's Marks Have Earned a Highly Distinctive and Famous Status

7. As a result of its long and continuous use and its high quality products, the Mary Kay trademark has earned and maintains a highly distinctive status. Mary Kay develops, manufactures, and markets its products in the United States and worldwide, under its distinctive and famous MARY KAY marks (collectively, the "Mary Kay Marks"). Mary Kay owns the Mary Kay Marks, and the corresponding United States registrations listed below, for use with its cosmetic products, skin care products, and other related goods and services.

| Mark: | International Class(es) – First Use in Commerce | Registration No. | Filing - Registration Dates |
|---|---|---|---|
| MARY KAY (Stylized) | Class 3 – At least as early as 9/15/63 | 817516 | 10/19/64 – 10/25/66 |
| MARY KAY | Class 3 – At least as early as 5/03/76 | 1070841 | 6/01/76 – 8/09/77 |
| MARY KAY (Stylized) | Class 3 – At least as early as 5/25/88 | 1545983 | 7/22/88 – 7/04/89 |
| MARY KAY | Class 3 – At least as early as 1963; Class 8 – At least as early as 1990; Class 9 – At least as early as 1990; Class 16 – At least as early as 1980; Class 21 – At least as early as 1990 | 1842599 | 8/07/92 – 7/05/94 |
| MARY KAY (Stylized) | Class 3 – At least as early as 1988; Class 8 – At least as early as 1990; Class 9 – At least as early as 1990; Class 16 – At least as early as 1989; Class 21 – At least as early as 1990 | 2542184 | 10/30/99 – 2/26/02 |
| MK | Class 3 – At least as early as 2001 | 2559020 | 11/22/96 – 4/9/02 |

8. Mary Kay owns the above registrations, which are valid and subsisting. Registration Numbers 1,070,841, 1,545,983, and 1,842,599 are incontestable in accordance with Section 15 of the Lanham Act, 15 U.S.C. § 1065. Mary Kay also holds registered trademarks for many of its individual products and certain product lines. These registered trademarks include MK Signature, Timewise, and Velocity, among others.

9. Significantly, Mary Kay initially adopted the MARY KAY mark, as early as 1963, and has continuously used the Mary Kay Marks in connection with the sale of its products.

As a result of Mary Kay's early adoption and long-established use, the Mary Kay Marks are widely recognized and relied upon by the public in Texas and throughout the United States to identify Mary Kay, Mary Kay products, the personal customer service that accompanies Mary Kay products, and to distinguish Mary Kay products and services from the products or services of others. Moreover, Mary Kay has an extensive media campaign, and Mary Kay uses the Mary Kay Marks in various media formats, including on the Internet, to promote its Mary Kay products. Mary Kay owns the domain www.marykay.com.

10. As a result of the continuous usage and promotion of the Mary Kay Marks, Mary Kay has acquired, in addition to the rights established through registration, recognized common-law rights in the Mary Kay Marks. Mary Kay has also developed valuable goodwill in the Mary Kay Marks.

C. **Mary Kay's Copyright Registrations**

11. Mary Kay is also creator of certain product descriptions found in on Mary Kay's website and in its promotional materials and catalogs. These product descriptions are the original effort of Mary Kay. Mary Kay has fixed these product descriptions in a tangible medium, and the fixed copies of these product descriptions and other materials was made and deposited with the Registrar of Copyrights. Mary Kay has complied with all requirements of the federal copyright laws with respect to fixation and publication.

12. Mary Kay properly registered and deposited the fixed version of the product descriptions with the United States Copyright Office. The Copyright Office accepted such submissions and issued Mary Kay the certificates of copyright registration that are attached to this Complaint as Exhibit A. The certificates of copyright registration are incorporated herein by reference.

### D. Strawberrylipstick.com

13. Defendant owns, operates, and controls a website named Strawberryliptstick.com, on which it promotes, advertises, offers for sale, or otherwise distributes products that were purportedly manufactured by Mary Kay. On the website, Defendant states: "All of our items are brand new and has not past their manufacturers [sic] expiration date. All products sold here are 100% authentic products and comes [sic] in its original packaging."

14. Those statements, designed to influence the purchasing decisions of those who read them, are false and misleading. Many of the products offered for sale by Defendant are not in fact "brand new" or "100% authentic." Although these products may have been originally manufactured by Mary Kay, a substantial number of products sold by Defendant are old, expired, discontinued, or beyond their shelf-lives. There is no disclaimer or other warning on Defendant's website to indicate or otherwise warn consumers that Defendant's products are old, expired, discontinued, or beyond their shelf-lives; instead, Defendant falsely touts the opposite.

15. Those statements are also false and misleading because they suggest to the consumer that all of Defendant's inventory has been purchased directly from Mary Kay. In fact, none of the products sold on Defendant's website have been purchased directly from Mary Kay, and therefore none of the products are "brand new," as Defendant falsely states on the website.

### E. Defendants Use Mary Kay's Trademarks and Name Without Authorization.

16. Defendant uses Mary Kay's trademarks and name without authorization or consent from Mary Kay. Defendant's unlawful and unauthorized use of the trademarks and name harms not only Mary Kay, but also consumers who are confused or deceived into purchasing products through her website believing they are purchasing guaranteed products from an authorized Mary Kay Independent Beauty Consultant. Defendant's use in commerce of Mary Kay's trademarks and name began more than forty years after Mary Kay adopted and began

using the MARY KAY mark. As a result, Defendant's unauthorized use began after Mary Kay's trademarks and name became famous.

17. Defendant's unauthorized use of Mary Kay's trademarks and name has confused or is likely to confuse consumers as to the affiliation, connection, or association of Defendant with Mary Kay, as well as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Mary Kay. As a result of the confusion that has been or is likely to be engendered by Defendant's activities, Mary Kay's trademarks and associated valuable goodwill are therefore being irreparably harmed.

**F.    Defendants' Misconduct Causes Mary Kay Substantial and Irreparable Harm.**

18. Defendant's misconduct has harmed and continues to harm Mary Kay, its Independent Beauty Consultants, and its trademarks. Specifically, the continued willful acts of Defendant has resulted in the loss of business, including the actual loss of valuable business relationships existing between Mary Kay and its Independent Beauty Consultants, and harm to its reputation and goodwill.

19. Moreover, Defendant's unauthorized use of the Mary Kay Marks constitutes a misappropriation of Mary Kay's exclusive property right in its trademarks. On information and belief, Defendants' misappropriation of the Mary Kay Marks and name has confused consumers and damaged Mary Kay's business reputation and the goodwill it has established through its trademarks.

## COUNT I: Copyright Infringement

20. Mary Kay is the owner of the entire right, title, and interest in Mary Kay's product descriptions, in the copyrights to those descriptions, and in the registrations of the copyrights to those materials.

21. Defendant knowingly infringed Mary Kay's copyrights by publishing the same product descriptions on the website. By reproducing, publishing, offering for sale, distributing

and selling products using those copyrighted product descriptions, Defendant has infringed and is continuing to infringe Mary Kay's copyrights throughout the United States without the consent of Mary Kay and in complete disregard of Mary Kay's exclusive rights.

22. The unauthorized and infringing use by Defendant of Mary Kay's copyrighted materials will, unless enjoined, cause irreparable harm, damage, and injury to Mary Kay. In addition, Defendant has unlawfully and wrongfully derived, and will continue to derive, income and profits of its infringing acts.

23. Mary Kay has complied with all pertinent provisions of the federal Copyright Act and all other laws governing copyright with respect to its copyrighted materials. Great and irreparable harm, damage, and injury will result to Mary Kay unless all wrongful and illegal acts of Defendant are immediately enjoined.

### COUNT II: Unfair Competition Under The Lanham Act

24. Mary Kay hereby alleges and incorporates all of the preceding allegations as if set forth fully herein.

25. This cause of action arises under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

26. By and through the acts and omissions described in more detail above, Defendant has made literally false and/or misleading statements of fact, that deceive or have a tendency to deceive a substantial segment of Mary Kay's customers and/or potential customers, and/or that are likely to influence a purchasing decision of Mary Kay's customers and/or potential customers. Defendant has caused these false and/or misleading statements of fact to enter interstate commerce, which contain misstatements and/or failures to disclose.

27. In addition or in the alternative, by and through the acts and omissions described in more detail above, Defendant has, without Mary Kay's consent or authorization, used in interstate commerce and to advertise and/or promote its services, a word, term, name, or symbol, or any combination thereof, including, without limitation, the Mary Kay's Marks, which are

likely to mislead, cause confusion, and/or cause mistake or deception regarding Mary Kay's services and/or commercial activities, and/or approval or sponsorship of the false advertisements.

28. Defendant's acts and omissions described in this Complaint and in this Count constitute false advertising and/or unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29. Upon information and belief, the wrongful acts and/or omissions alleged in this Complaint and in this Count are willful.

30. Such wrongful acts and/or omissions by Defendant have caused and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Mary Kay for which Mary Kay has no adequate remedy at law. This includes, without limitation, loss of business, customer relations, competitive advantage, and/or goodwill. For the reasons described above, Mary Kay is likely to succeed on the merits of its underlying claims. Moreover, the potential injury to Defendant (if any) is minimal, and does not outweigh the actual and/or potential injuries to Mary Kay if Defendant is not enjoined. Therefore, Mary Kay is entitled to preliminary and permanent injunctive relief, as further described in the Prayer for Relief in this Complaint.

31. Such wrongful acts and/or omissions by Defendant also have caused and will continue to cause actual damages to Mary Kay. Therefore, Mary Kay is entitled to a monetary judgment against Defendant in an amount to be determined by a jury.

32. Mary Kay is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of such wrongful acts and omissions.

33. Mary Kay is further entitled to recover the costs of this action. Mary Kay is informed and believes, and on that basis alleges, that Defendant's conduct was undertaken willfully and with the intention of causing mistake, confusion or deception, and/or that this is an

exceptional case entitling Mary Kay to recover additional damages and reasonable attorneys' fees.

### COUNT III: Trademark Infringement Under The Lanham Act

34. Mary Kay hereby alleges and incorporates all of the preceding allegations as if set forth fully herein.

35. Defendant's conduct constitutes trademark infringement under the Lanham Act, codified at 15 U.S.C. § 1114.

36. On information and belief, Defendant's actions have been willful, with full knowledge of Mary Kay's rights, and with an intent to trade on Mary Kay's goodwill in such registered trademarks, thus making this an exceptional case under 15 U.S.C. § 1117(a).

37. As a result of Defendant's wrongful conduct, Mary Kay is entitled to the injunctive remedies specified in the Prayer for Relief, damages in an amount to be proved at trial, including enhanced damages as allowed by law, as well as recovery of all reasonable attorneys' fees and costs incurred in connection with this action.

### COUNT IV: Unfair Competition Under Texas Common Law

38. Mary Kay hereby alleges and incorporates all of the preceding allegations as if set forth fully herein.

39. Defendant's conduct constitutes unfair competition under Texas common law. As a result Defendant's wrongful conduct, Mary Kay is entitled to the injunctive remedies specified in the Prayer for Relief and damages in an amount to be proved at trial.

### COUNT V: Trademark Infringement Under Texas Common Law

40. Mary Kay hereby alleges and incorporates all of the preceding allegations as if set forth fully herein

41. Defendant's conduct constitutes trademark infringement under Texas common law. As a result of Defendant's wrongful conduct, Mary Kay is entitled to the injunctive remedies specified in the Prayer for Relief and damages in an amount to be proved at trial.

## COUNT VI: Injunctive Relief

42. Mary Kay hereby alleges and incorporates all of the preceding allegations as if set forth fully herein.

43. Defendant has damaged Mary Kay, and is continuing to damage Mary Kay, by the willful and unlawful acts complained of herein. Unless Defendant is restrained by this Court, it will cause irreparable injury to Mary Kay for which there is no adequate remedy at law.

## REQUEST FOR JURY TRIAL

44. Pursuant to Rule 38(b), Fed. R. Civ. P., Mary Kay demands a trial by jury.

## PRAYER

For the reasons stated above, Plaintiff Mary Kay Inc. prays:

A. that Defendant, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with Defendant, be preliminarily and permanently enjoined and restrained from competing unfairly with Mary Kay and from using the Mary Kay Marks in any manner whatsoever that is likely to cause confusion, including:

1. continuing to operate the website www.strawberrylipstick.com or any other website that contains infringing or otherwise unlawful content;

2. continuing to sell Mary Kay products on any website that contains infringing or otherwise unlawful content;

3. falsely or misleadingly representing themselves and their activities, goods, and services to be sponsored by, approved by, or affiliated with Mary Kay;

4. falsely or misleadingly representing any product of Defendants or others as originating from, being sponsored by, or approved by Mary Kay;

5. committing any other acts or making any other representations, express or implied, that would infringe any of Mary Kay's trademark rights, or that would confuse, mislead, or deceive consumers as to Defendants' sponsorship of, approval by, or affiliation with Mary Kay;

6. continuing the sale and/or distribution of any unlawfully obtained Mary Kay products; and

7. inducing, assisting, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1)-(6) above;

B. for a preliminary and permanent injunction enjoining Defendant and its agents, servants, and employees from infringing in any manner the copyrights of Mary Kay;

C. for an award of damages sustained as a result of Defendant's activities, trebled as allowed by law;

D. for an award of exemplary damages sustained as a result of Defendant's activities;

E. for an accounting of Defendant's sales resulting from Defendant's activities and unjust enrichment, and that their profits be paid over to Mary Kay, increased as the court finds to be just under the circumstances of this case and that the unlawfully obtained Mary Kay products in Defendant's possession, custody, or control be disposed of appropriately as the court finds to be just under the circumstances of this case;

F. for an award of attorneys' fees and costs as allowed by law;

G. for an award of prejudgment and post-judgment interest on all sums awarded; and

H. for such other and further relief as the court may deem just, equitable and appropriate.

DATED: July 16, 2010                     Respectfully submitted,

*s/ Christopher J. Schwegmann*
John T. Cox III
    Texas Bar No. 24003722
Christopher J. Schwegmann
    Texas Bar No. 24031515
**LYNN TILLOTSON PINKER & COX, L.L.P.**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800  Phone
(214) 981-3839  Fax

**ATTORNEYS FOR PLAINTIFF**